UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT HAUG and ANITA HAUG,

        Plaintiffs,

   v.                                           CAUSE NO. 3:25cv314 DRL-SJF

TED BIERLY,

        Defendant.

## OPINION AND ORDER

After a years-long battle over the public's access to a so-called beach on their property, Robert and Anita Haug sued Ted Bierly for assault and battery, intentional infliction of emotional distress, malicious prosecution, and defamation. In late September, Mr. Bierly counterclaimed. He says, while working on a project near the property in April 2023, Mr. Haug became upset and aggressively approached, pushed, and struck Mr. Bierly, thereby causing him injuries.

Under Rule 12(b)(6), Mr. Haug asks the court to dismiss the counterclaim because a two-year statute of limitations bars it. This is an affirmative defense, and a pleading doesn't need to anticipate and then allege around it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). But a pleading that gives life to the defense will be barred. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see, e.g., Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense"); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (dismissing claim that was "indisputably time barred").

A pleading filed on September 26, 2025 based on an alleged tort on April 12, 2023 would be barred by a two-year statute of limitations. Everyone agrees. The parties also agree that Indiana

substantive law informs the statute of limitations, though the distinction between "substantive" and "procedural" has never been considered one so simple or pure. *See Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965); *Hollander*, 457 F.3d at 694, *Jacobs v. Thor Motor Coach*, 474 F. Supp.3d 987, 992 (N.D. Ind. 2020).

The parties debate whether Indiana Trial Rule 13(J) affords Mr. Bierly an out because the counterclaim "diminishes or defeats the opposing party's claim" and "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim"—a state trial rule that expressly exempts such a counterclaim from the statute of limitations, at least in Indiana state courts. This perhaps begs the question why a state trial rule would apply when often a federal court applies its own procedural rules. After all, in the Rules Enabling Act, Congress established that, in matters of "practice and procedure," the federal rules will govern, and "[a]ll laws in conflict with such rules shall be of no further force or effect." 28 U.S.C. § 2072(b).

Put simply, federal rules cannot "abridge" or "modify" a substantive right, *see id.*, and "substantive" law includes not just a state's statute of limitations but also rules that are an "integral part of the statute of limitations." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980) (quotations omitted); *see Hollander*, 457 F.3d at 694. The parties presume Indiana Trial Rule 13(J) to be an integral part.

For a federal court sitting in diversity, the counterclaim "accrues and comes to an end when local law so declares," with the "measure of it [] to be found only in local law." *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) (applying broader Kansas statute concerning service instead of Federal Rule of Civil Procedure 3). The parties give the court no reason to believe that the federal counterpart to Rule 13 was intended to toll a state statute of limitations or to displace state tolling rules, so they at least have a colorable reason for addressing

2

an arguably broader Indiana Trial Rule 13(J) to this situation. *See Walker*, 446 U.S. at 750-51. And so will the court, without deciding anything more.

This counterclaim arises from the same "transaction or occurrence"—the same operative facts and indeed the same fight—so it qualifies as a compulsory counterclaim to meet one part of the rule's requirements. Ind. Tr. R. 13(J)(1); *see Delacruz v. Wittig*, 42 N.E.3d 557, 559-60 (Ind. Ct. App. 2015).

The sole question is whether this counterclaim "diminishes or defeats the opposing party's claim." Ind. Tr. R. 13(J)(1). Indiana law categorizes such a counterclaim, "defensive in posture," as one couched in recoupment rather than one that could be independently maintained to seek affirmative relief. *Delacruz*, 42 N.E.3d at 560. Recoupment has been defined as many things, even as a defense, but, among the list of possible claims, as an equitable withholding of something due, a setoff, or a reduction of the plaintiff's damages because of his breach of a duty in the same transaction. *See id.* To determine "how a claim functions," the court examines "the facts alleged and the relief sought." *Gittings v. Deal*, 109 N.E.3d 963, 971 (Ind. 2018). A counterclaim must be defensive in nature, without seeking affirmative relief, else the statute of limitations bars it. *See id.*; *Delacruz*, 42 N.E.3d at 560; *Crivaro v. Rader*, 469 N.E.2d 1184, 1187 (Ind. Ct. App. 1984).

So, as examples, an untimely counterclaim was barred when it sought damages for excessive force under 42 U.S.C. § 1983 against two deputies who first sued the suspect for significant physical injuries that they incurred when they arrested him, *Delacruz*, 42 N.E.3d at 559, 561-62; and another untimely counterclaim was barred when it sought damages for assault and battery that arose from the same fight for which the plaintiff originally sued him, *Bond v. Gen. Motors, LLC*, 2016 U.S. Dist. LEXIS 84939, 2, 6-8 (N.D. Ind. June 30, 2016). These dismissals occurred, notwithstanding the operation of Indiana Trial Rule 13(J), because both

3

counterclaimants could have filed their actions independently before the limitations periods ran, and both sought relief affirmatively rather than defensively in recoupment. Today's counterclaim operates the same way—it alleges an assault and battery by Mr. Haug and for which Mr. Bierly seeks damages for pain, suffering, medical bills, and lost wages. The statute of limitations bars this untimely independent claim for affirmative relief.

Mr. Bierly references a possible amendment, albeit without a motion, without a proposed amended pleading, and without offering the court any facts or theory on which he might do so. The court cannot approve any request to amend today. That said, whether the court might doubt the ability to amend in timely fashion, the court will not prejudge what has not been presented.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss [15] and DISMISSES the counterclaim as time-barred, though WITHOUT PREJUDICE.

SO ORDERED.

November 5, 2025                                        *s/ Damon R. Leichty*
                                                                    Judge, United States District Court